UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:21cr530 SRC |
| DEAUNTA MILLER, | ) ) |
| Defendant. | ) ) ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Deaunta Miller, represented by defense counsel Bill Ekiss, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count 1 in the information, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the information. Furthermore, the parties agree that the U.S. Sentencing Guidelines Total Offense

1

Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that Defendant may request a sentence above or below the U.S. Sentencing Guidelines range (combination of the Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and the Title 18, United States Code, Section 3553 (a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties further agree that, at the time of sentencing, the United States will recommend that the Court impose a sentence that is at the low-end of the sentencing guideline range that is ultimately determined by the Court.

## 3. ELEMENTS:

As to Count 1, the defendant admits to knowingly violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

1. On or about December 2, 2020, in the Eastern District of Missouri, the defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

2. At the time that the defendant knowingly possessed the fentanyl, he did so with the intent to distribute the fentanyl to another person; and

3. At the time of the defendant's possession of fentanyl, the defendant knew the fentanyl was a controlled substance.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Investigators with the Drug Enforcement Administration began an investigation into Deaunta Miller's narcotics trafficking in June of 2020. During their investigation, investigators conducted controlled purchases of narcotics from Deaunta Miller. Also during the investigation, investigators learned that Miller sold controlled substances out of a residence located at 851 McLaran Avenue, St. Louis, MO, 63147. Investigators also learned that Miller would often store controlled substances—that he would later sell at the McLaran location—at a residence located at 1119 June Avenue, St. Louis, MO, 63138.

During their investigation, investigators received federal search warrants, which authorized them to search the residences located at 851 McLaran Avenue, St. Louis, MO, 63147 and 1119 June Avenue, St. Louis, MO, 63138. Investigators executed both warrants on December 2, 2020. During the execution of the search warrant at 851 McLaran Avenue, St. Louis, MO, 63147, within the Eastern District of Missouri, investigators discovered multiple bags of suspected controlled substances. The suspected controlled substances were later provided to the DEA's North Central Laboratory for analysis, which revealed the following:

    **(1)** 10.0 grams of cocaine base;
    **(2)** 59.3 grams of fentanyl;
    **(3)** 1.247 grams of fentanyl; and
    **(4)** 22.442 grams of fentanyl.

During the execution of the search warrant at 1119 June Avenue, St. Louis, MO, 63138, within the Eastern District of Missouri, investigators discovered and seized suspected controlled

substances. The suspected controlled substances were later provided to the DEA's North Central Laboratory for analysis, which revealed the following:

    **(1)** 82.2 grams of heroin; and
    **(2)** 1033 grams of fentanyl.

Also during the search of the 1119 June address, investigators discovered and seized $43,120, which included drug proceeds. While searching the 1119 June residence, investigators spoke with D.G., who was present during the search. During an interview with D.G., she told investigators that the heroin, money, and hydraulic press that were seized by investigators belonged to Miller. D.G. also told investigators that Miller would come over to the residence every day for the previous several years.

On that same date, DEA investigators searched a home located at 2016 Montclair Manor Drive, St. Charles, Missouri 63303, with Miller's consent. During their search of the residence, investigators found, among other things, $20,050, which included drug proceeds.

The parties agree that Miller knowingly and intentionally possessed with the intent to distribute the aforementioned controlled substances discovered and seized by investigators on December 2, 2020. Indeed, according to DEA experts, the amount of controlled substances that were seized on December 2, 2020 is consistent with possession for distribution purposes and inconsistent with possession for personal consumption purposes. At the time that Miller possessed the aforementioned amounts of controlled substances with the intent to distribute, he knew and understood that they were, in fact, controlled substances.

## 5. STATUTORY PENALTIES:

    **A.**    **Count 1:** The Defendant fully understands that the maximum possible penalties provided by law for the crime to which the defendant is pleading guilty under Count 1 is

imprisonment of not more than 20 years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than three years.

**6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**A.**     **Count 1:**

**a.  Chapter 2 Offense Conduct:** As to Count 1, the parties agree that the base offense level is 30, as found in Section 2D1.1(c)(5).

**b. Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**c. Estimated Total Offense Level:** As to Count 1, the parties estimate that the Total Offense Level is 27, unless defendant is a Career Offender. Depending on the underlying offense

and defendant's criminal history, defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender.

**D. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**E. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s). Defendant

further waives his right to appeal his conviction on the basis that the information did not adequately allege the elements, including any requisite mens rea as to the Defendant's prohibited status, of the offense(s) for which the defendant is pleading guilty.

**(2) Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the defendant within or above the determined Sentencing Guidelines range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office

prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

### b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The Defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following:

a. The $63,170 that was seized on December 2, 2020.

The Defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the Defendant when it is issued and will be part of the sentence. The Defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The Defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The Defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that Defendant was not given adequate notice of forfeiture in the charging instrument. The Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The Defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

9

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in

its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

### 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

| | |
|---|---|
| 9-28-2021 <br> Date | _____ <br> Derek J. Wiseman <br> Assistant United States Attorney |
| 9-28-21 <br> Date | _____ <br> Deaunta Miller <br> Defendant |
| 9-28-21 <br> Date | _____ <br> Bill Ekiss <br> Attorney for Defendant |

12